```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Kehoe Component Sales, Inc.,     :

         Plaintiff,              :

    v.                           :    Case No. 2:08-cv-752

Best Lighting Products, Inc.,    :    JUDGE JAMES L. GRAHAM
                                      Magistrate Judge Kemp
         Defendant.              :



Kehoe Component Sales, Inc.,     :
et al.,
         Plaintiffs,             :

    v.                           :    Case No. 2:10-cv-789

Best Lighting Products, Inc.,    :    JUDGE JAMES L. GRAHAM
                                      Magistrate Judge Kemp
         Defendant.              :
```

ORDER

These two cases arise out of a prior business relationship between the parties which involved the manufacture of lighting systems (primarily emergency lighting).  The full history of that relationship and the procedural history of each case does not have to be recited in detail in this order, which deals with two procedural matters: consolidation of the cases and amendments to the pleadings.  For the following reasons, the Court will permit Best Lighting to amend its answer and counterclaim in both cases and will consolidate the cases for discovery purposes.

I.

Generally speaking, these cases stem from an agreement under

which plaintiffs (collectively referred to as "Pace")were to manufacture emergency lighting products pursuant to specifications provided by Best Lighting.  According to Best Lighting, part of the arrangement was that Pace would not sell any competing products directly to Best's customers.  When Best withheld payment for some products that Pace had manufactured, Pace sued for payment, and Best countersued for various business torts, including selling to its customers in violation of the parties' agreement.  Those claims and counterclaims form the essence of the first case filed, Case No. 2:08-cv-752.

After several years of fairly contentious litigation in that case, which has involved the Court in the resolution of a number of disputes about discovery, Pace sued Best again in the Franklin County Court of Common Pleas.  Its claim in that case (which was removed to this Court and is now Case No. 2:10-cv-789), briefly summarized, is that after Pace began legitimately competing with Best (which, according to the complaint, occurred only after the parties' prior agreement had expired), it developed confidential and proprietary manufacturing and design information for its own product.  Subsequently, according to the complaint, Best hired some of Pace's employees and caused them to divulge or use Pace's proprietary information in the design and manufacture of Best's products.  Best counterclaimed in that case as well, alleging breach of contract through the manufacture of defective or non-conforming products, and numerous business-related torts.

Almost immediately after removal, Best moved to have the two cases consolidated.  Pace opposed that motion, primarily due to its view that the first case was much further along and that consolidation could significantly delay the Court's resolution of its non-payment claim.  It suggested, as an alternative, that the Court bifurcate that claim and group all of the counterclaims in both cases, as well as its more recent affirmative claims for

misappropriation of trade secret and proprietary information, together, resolving those claims after further discovery.

Best also moved to amend its counterclaims in both cases to add claims for breach of warranty and for Lanham Act violations. Pace has not opposed that motion in the more recent case, but opposes the introduction of those matters into the earlier case, again contending that to permit these claims to be asserted there will delay the progress of the case. It also argues that because the basis of these claims were known to Best when it filed its original counterclaim and prior to the date for filing motions for leave to amend, Best cannot show good cause for moving to amend at this late date. In response, Best suggests that consolidating the cases will eliminate the need to address most of these arguments. The Court agrees that consolidation is the threshold issue.

II.

Consolidation of cases is provided for in Fed.R.Civ.P. 42(a), which provides, in pertinent part, that the Court may order consolidation of "actions involving a common question of law or fact...." The underlying purpose of the Rule is to promote economy in the administration of justice. Feldman v. Hanley, 49 F.R.D. 48 (S.D.N.Y. 1969). Any savings of litigant and judicial resources achieved by consolidation must be balanced against any prejudice to the parties, including potential confusion of the issues, which might result from consolidation. Arroyo v. Chardon, 90 F.R.D. 603 (D.P.R. 1981). It is not a prerequisite to consolidation that there be a complete identity of legal and factual issues posed in the cases which are the subject of the request. Thayer v. Shearson, Loeb, Rhoades, Inc., 99 F.R.D. 522 (W.D.N.Y. 1983). Rather, as long as there are some common questions of either law or fact, the Court has the flexibility under Rule 42 to allow cases to proceed jointly

with respect to such matters in which joint proceedings would not be unduly prejudicial and would be an effective utilization of judicial resources. <u>Brewer v. Republic Steel Corp.</u>, 64 F.R.D. 591 (N.D. Ohio 1974), <u>aff'd</u> 513 F.2d 1222 (6th Cir. 1975); <u>see also Cantrell v. GAF Corp.</u>, 999 F.2d 1007 (6th Cir. 1993).

The Court's broad discretion to consolidate cases involving common questions of law and fact is not limited to ordering consolidation for all purposes.  Rule 42(a) "also contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings."  <u>Magnavox Co. v. APF Electronics, Inc.</u>, 496 F.Supp. 29, 32 (N.D. Ill. 1980).  By ordering only a partial consolidation, the Court reserves the ability to assess the status of the cases following the completion of consolidated proceedings and then to determine if a trial on all issues, or only some, would be a more efficient and more appropriate use of the Court's and the parties' resources.

Here, there is no dispute that both cases involve common questions of both law and fact.  Although the complaint in the more recent case addresses a different time frame and asserts claims that differ from the ones pleaded by Pace in the earlier case, the existence of and terms of the parties' business relationship underlies both actions.  Moreover, there is a substantial amount of overlap in the counterclaims asserted in each case.  It also appears that many of the same witnesses will be involved in both cases and that a fair amount of the discovery already conducted in the first-filed case will be applicable to the second.  From a purely economic viewpoint, it makes eminent sense to consolidate the cases for discovery purposes as well as for the purposes of motions practice in order to avoid duplicative discovery - which would be very expensive in this case given the number of witnesses located outside the United States - and the filing of overlapping motions which, in order to be properly considered, should reflect developments in both

cases. Whether a single trial might also be the most efficient and least prejudicial way to resolve these cases can be determined once more discovery is done and the factual and legal similarities or differences in trial evidence can be more completely assessed. Therefore, the Court will grant the motion for consolidation as it relates to all pretrial proceedings.

III.

The other pending issue relates to Best Lighting's motions, filed in both cases, to amend its answer and counterclaim. Pace opposes the motion in the earlier case but not the later.

Fed.R.Civ.P. 15(a) reflects a policy that liberally favors amendments to the pleadings so long as there has not been inordinate delay on the part of the moving party, the opposing party will not suffer undue prejudice, and the proposed amendments are not futile. See generally Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994); Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990). If a motion for leave to amend is made after the date for filing such motions established in a pretrial order, however, an additional showing of good cause, consisting primarily of the way in which the moving party could not have offered the amendment earlier despite the exercise of reasonable diligence, is also required. See Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).

Here, there is no argument about futility of either the additional defenses or counterclaims which Best intends to assert, so that is not a consideration. Pace also concedes that, given the timing of the motion in the later-filed case, it will not suffer prejudice in that case if the amendments are allowed. Now, based on the Court's decision to consolidate both cases for pretrial proceedings, there is also no prejudice in the earlier case, because the Court will establish a new schedule for the completion of all proceedings which will enable the parties to do whatever additional discovery is necessary to develop and defend

against the new claims and defenses.  That also makes it unnecessary to consider whether, had the motion been confined only to the earlier case in which a deadline for moving for leave to amend had been set, good cause might exist for extending that deadline.  No such deadline exists in the later-filed case, and pleadings and discovery will now proceed in a coordinated fashion in both.

IV.

For all of the reasons set forth above, the motion to consolidate these cases (#78 in Case No. 2:08-cv-752 and #7 in Case No. 2:10-cv-789) is granted as follows: the cases are consolidated for all discovery and pretrial purposes.  Until further notice, all filings shall be made in both cases.  The motion for an extension of time to complete discovery (#79 in Case No. 2:08-cv-752) is denied as moot, as is the emergency motion to exclude witnesses and exhibits from the December, 2010 evidentiary hearing (#102 in Case No. 2:08-cv-752).  The motion for leave to amend the answer and counterclaim (#113 in Case No. 2:08-cv-752 and #23 in Case No. 2:10-cv-789) is granted.  The amended pleading shall be filed within fourteen days of the date of this order.  The parties are advised, in advance of the scheduled pretrial conference in Case No. 2:10-cv-789, that it is the Court's intention that discovery in that case dovetail with discovery in the earlier and now-consolidated case in such a way that the cases may both be ready for trial by the scheduled trial date of November 7, 2011.

V.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and

replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

    /s/ Terence P. Kemp
    United States Magistrate Judge